NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF AN *EX* PARTE PETITION FOR JUDICIAL ASSISTANCE PURSUANT TO to 28 U.S.C. § 1782(a), by<br><br>HES (CARIBBEAN) INTERNATIONAL HOLDINGS, S.R.L.,<br><br>Petitioner. | Civil Action No. 20-506 (CCC) (ESK)<br><br>OPINION AND ORDER ON *EX PARTE* PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 1782(a) |

**Kiel, United States Magistrate Judge**

This matter comes before the Court upon an *ex parte* petition by HES (Caribbean) International Holdings, S.R.L. ("Petitioner"), for an Order, pursuant to 28 U.S.C. § 1782(a), authorizing the issuance of a subpoena for the deposition of a witness pursuant to Federal Rule of Civil Procedure (the "Rule") 30(b)(6) directed to the Northern Trust International Banking Corporation ("Northern Trust"), a New Jersey corporation, requiring Northern Trust to produce documentary and testimonial evidence in aid of contemplated civil and criminal proceedings in the Dominican Republic and Barbados (the "Actions"). (Pet'r's Br. at 2). For the reasons set forth below, and for good cause appearing, Petitioner's application is **GRANTED**.[1]

---

[1] Given the *ex parte* nature of Petitioner's application, the Court makes no explicit ruling with respect to whether Petitioner's request is reasonable in scope. The Court notes, however, that *ex parte* applications are frequently granted under 28 U.S.C. § 1782(a) "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application." *In re Application of Mesa Power Grp., LLC*, No. 11-mc-280, 2012 WL

1

## I. BACKGROUND

This dispute concerns the sale of an Embassy Suites Hotel and an adjoining commercial plaza known as the Centro Commercial Silver Sun Gallery in Santo Domingo, Dominican Republic (collectively, the "Project"). (Pet'r's Br. at 2.) Henrique Rodriguez Guillen, one of the investors in the Project ("Mr. Rodriquez"), and HES entered into an agreement whereby Mr. Rodriguez would pay HES $5.5 million USD for an ownership interest in the Project. (*Id.*) Mr. Rodriguez was to make payments through an entity called Northern Trust into an HES account at the Dominican Republic's Banco BHD S.A. (*Id.*) The terms of the agreement were memorialized in a written agreement between the parties on February 14, 2019 and later restructured on May 31, 2019 (the "Agreements"). (*Id.* at 2–5.) On June 21, 2019, Mr. Rodriguez transferred $5 million USD of the $5.5 million USD to HES. (*Id.* at 5.) HES contends that Mr. Rodriguez breached his obligations under the Agreements by: (1) not transferring the remaining $500,000 USD, and (2) not paying for the closing costs associated with the sale of the Project. (*Id.* at 2–6.) On December 5, 2019, Mr. Rodriguez served Petitioner, and others, with a "Notice of Default". (*Id.* at 3.) Mr. Rodriguez intends to initiate a lawsuit in the Dominican Republic, and HES intends to initiate a lawsuit in Barbados. (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782(a):

> The district court of the district in which a person resides or is
> found may order him to give his testimony or statement or to

---

6060941, at *4 (D.N.J. Nov. 20, 2012). Moreover, once Petitioner serves the subpoena, Northern Trust will have the opportunity to move to quash or modify the subpoena under Rule 45.

2

> produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

A district court is authorized to grant an application under § 1782(a) if the following three statutory requirements are met:

> (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person.

*In re Application of Microsoft Corp.*, 428 F.Supp.2d 188, 192 (S.D.N.Y. 2006) (internal quotations and citations omitted).

If the statutory requirements are met, a district court may, in its discretion, grant the application. There are four discretionary factors that a district court may consider when ruling on a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character or the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to United States federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign county or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests. *See In re Simetra Glob. Assets Ltd. & Richcroft Invs. Ltd.*, No. 16-2389, 2016 WL 3018692, at *3 (D.N.J. May 25, 2016) (discussing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).

3

## III. LEGAL DISCUSSION

### A. Statutory Factors

The Court finds that Petitioner's application satisfies each of the statutory requirements set forth in 28 U.S.C. § 1782(a). First, Northern Trust is incorporated in New Jersey and is thus "found" in this judicial district. *In re Petrobras Sec. Litig.*, 393 F.Supp.3d 376, 383 (S.D.N.Y. 2019). (*See* Pet'r's Br. at 8, ECF No. 1.)

Second, Petitioner seeks the discovery at issue for use in contemplated civil and criminal proceedings in the Dominican Republic and Barbados. The Court finds that this satisfies 28 U.S.C. § 1782's "foreign tribunal" requirement. *See* 28 U.S.C. § 1782(a) ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"); *Intel Corp.*, 542 U.S. at 249 ("Congress introduced the word 'tribunal' to ensure that 'assistance is not confined to proceedings before conventional courts,' but extends also to 'administrative and quasi-judicial proceedings'"). Of note, it is of no moment that the Actions are not currently pending. A district court may order a person to produce a document for use in a proceeding in a foreign or international tribunal pursuant to 28 U.S.C. § 1782 regardless of whether a matter is pending or imminent; rather, the proceeding for which discovery is sought need only be within "reasonable contemplation." *In re Pimenta*, 942 F.Supp.2d 1282, 1287 (S.D. Fla. 2013); *see also Intel Corp.*, 542 U.S. at 247.

Finally, Petitioner would be a defendant in the Dominican Action, and therefore qualifies as an "interested party" under 28 U.S.C. § 1782(a). *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782").

### B. Discretionary Factors

As Petitioner has established that its application satisfies each of the statutory factors established in 28 U.S.C. § 1782(a), the Court now turns to the four discretionary factors that are set forth in *Intel Corp.*, 542 U.S. at 247. The Court will consider each of those factors in turn.

#### 1. Jurisdictional Reach of the Foreign Tribunal

The United States Supreme Court has recognized:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceedings may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Intel Corp.*, 542 U.S. at 264. Here, Petitioner acknowledges that Northern Trust is not a named party in the Dominican Action. (Pet'r's Br. at 12.) Petitioner contends, however, that Northern Trust is beyond the jurisdiction of the courts in the Barbados and Dominican Actions, and thus, the Barbados and Dominican courts lack the ability to compel discovery

5

from Northern Trust. (*Id.*) It is unclear why Petitioner asserts that the Barbados and Dominican courts would not have jurisdiction over Northern Trust. Without more information as to any potential limitations regarding jurisdiction that may exist as to Northern Trust in the Actions, the Court finds that this discretionary factor weighs against Petitioner's application.

### 2. **Nature and Receptivity of the Foreign Tribunal**

Under the second discretionary factor, "a court presented with a § 1782(a) request may consider the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. It appears that the Actions are civil and criminal proceeding that would be litigated in a traditional court. There is no evidence suggesting that either court would not be receptive to the United States District Court's assistance in collecting evidence for use in the Actions. The Court notes that "[p]arties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence." *Gov't of Ghana v. ProEnergy Servs. LLC*, No. 11-9002, 2011 WL 2652755, at *4 (W.D. Mo. June 6, 2011) (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099–1100 (2d. Cir.1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782")). Based on the evidence before this Court, there is no indication that the Barbados or Dominican courts

would reject the evidence that Petitioner seeks to elicit from Northern Trust. This discretionary factor weighs in favor of granting Petitioner's application.

### 3. Attempt to Circumvent Foreign Restrictions on Evidence Gathering

The third discretionary factor requires the Court to examine "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65. There is nothing to suggest that Petitioner's application herein is an attempt to circumvent any proof-gathering restrictions.

Indeed, Petitioner's counsel has represented that he is "attempting to collect information that will aid these courts in making a decision regarding the imminent civil and criminal proceedings involving HES and Mr. Rodriguez." (Pet'r's Br. at 14.) Moreover, as Petitioner correctly notes, an applicant is not required to exhaust foreign options before requesting that a district court grant discovery under 28 U.S.C. § 1782(a). *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011). The Court therefore finds that this factor weighs in favor of granting Petitioner's application.

### 4. Whether the Requests Are Unduly Intrusive or Burdensome

Under the final discretionary factor, the Court must consider whether the discovery sought is unduly intrusive or burdensome. While the Court is not making a definitive finding on this point, Petitioner's proposed subpoena does not appear to be unduly intrusive or burdensome. Nevertheless, because Petitioner made this application *ex parte*, the Court is without sufficient information to evaluate whether the discovery it seeks is unduly

7

intrusive or burdensome to Northern Trust. Once Petitioner serves the requested subpoena, Northern Trust will have the opportunity to seek an order from this Court modifying or quashing the subpoena. The Court therefore finds that this factor weighs in favor of granting Petitioner's application.

The Court further finds that, on balance, the discretionary factors articulated in *Intel Corp.*, 542 U.S. at 264, weigh in favor of granting Petitioner's application.

### IV. CONCLUSION AND ORDER

Based on the foregoing findings that Petitioner's application satisfies both the relevant statutory and, on balance, the discretionary factors;

**IT IS** on this 11th day of February 2020 **ORDERED** that:

1) Petitioner's application for discovery pursuant to 28 U.S.C. § 1782(a) (**ECF No. 1**) is **GRANTED**; and

2) Petitioner shall serve Northern Trust with a copy of the subpoena attached to its application as ECF No. 1 (with the dates of issuance and deadlines for compliance adjusted as necessary), as well as a copy of this Opinion and Order; and

3) Nothing in this Opinion and Order shall be construed as limiting Northern Trust's right to challenge the subpoena pursuant to Rule 45.

**SO ORDERED**

_____
Edward S. Kiel, U.S.M.J.